UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL AGUILAR CHAVEZ (A-NUMBER: 221-452-360),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-3023-DC-JDP

ORDER

On April 21, 2026, petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On May 12, 2026, the court ordered respondent to provide petitioner with a bond hearing.  ECF No. 8.  On May 27, 2026, respondent moved to dismiss, alleging that a bond hearing was held and, therefore, that the petition is moot.  ECF No. 10.  On June 15, 2026, respondent informed the court that petitioner has been subject to a final order of removal since April 10, 2026.  ECF Nos. 12 & 15.  For the following reasons, I recommend that respondent's motion to dismiss be denied and that the petition be denied.

**Background**

Petitioner came to the United States from Guatemala without permission at an unknown time.  ECF No. 7-1 at 1.  He was detained by ICE on February 27, 2026, after a misdemeanor

1

arrest. *Id.* On March 10, 2026, an immigration judge granted petitioner voluntary departure "under safeguards," meaning that he would stay in ICE custody until his departure. ECF No. 15-1. That voluntary departure order expired on April 10, 2026 with petitioner still in ICE custody. *Id.*; ECF No. 15. The expiration of the voluntary departure order renders it a final removal order. ECF No. 15-1 at 1. On June 18, 2026, respondent indicated that "removal is in progress." ECF No. 15. The ICE detainee locator still shows petitioner in ICE custody, though it appears petitioner has been moved to a facility in Louisiana.[1]

### Procedural History

Petitioner filed the petition for writ of habeas corpus and a motion for a temporary restraining order on April 21, 2026, claiming that his detention violated due process.[2] ECF Nos. 1, 2. The court ordered briefing on the motion for temporary restraining order on April 22, 2026 and ordered respondent to answer the petition. ECF No. 6. In its answer, respondent argued that petitioner could be mandatorily held pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 7 at 1.

On May 12, 2026, the court granted petitioner's motion for temporary restraining order and ordered that petitioner be afforded a bond hearing "at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence." ECF No. 8. On May 27, 2026, respondent moved to dismiss the petition as moot and filed a status report indicating that a bond hearing was held, at which petitioner was denied bond. ECF No. 10.

Because it was unclear whether the bond hearing complied with the court's order regarding the allocation of burden, I ordered respondent to file a transcript or audio recording of the bond hearing. ECF No. 14. Respondent asked to be excused from this requirement for two

---

[1] I will direct the Clerk of Court to serve a copy of these findings and recommendations on petitioner at this facility.

[2] Petitioner filed a motion for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

reasons.  First, respondent argued that because petitioner "has not alleged that his bond hearing was defective," the court could not consider whether the bond hearing complied with its earlier order.  ECF No. 12 at 1.  Second, and more significantly, respondent informed the court that petitioner is "now subject to a final order of removal."  *Id*.

I ordered respondent to file a copy of the removal order.  ECF No. 14.  Respondent filed a copy of the voluntary departure order from March 10, 2026, and explained that this order became a final order of removal on April 10, 2026.  *See* ECF No. 15.  Indeed, the immigration judge's order provides that in the event petitioner did not voluntarily depart from the United States by April 9, 2026, then "the following order . . . shall become immediately effective: [petitioner] shall be removed to Guatemala."  ECF No. 15-1 at 1.  Accordingly, because petitioner did not voluntarily depart by that time, his removal order became administratively final on April 10, 2026.[3]  *See id*.

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

[3] Notably, significant time elapsed, and substantial court resources were consumed, during the time between when the removal order became final and when the court was informed of the order.  *See* ECF Nos. 12 & 15.  Neither respondent's answer, ECF No. 7, nor its motion to dismiss, ECF No. 10, communicated that petitioner had been subject to a final order of removal under 8 U.S.C. § 1231(a).

**Analysis**

Respondent's motion to dismiss argues that the matter is moot because petitioner received a bond hearing. *See* ECF No. 10. The Immigration and Nationality Act provides that when a noncitizen "is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). Relevant here, the removal period begins on the "date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B). Moreover, detention during the removal period is mandatory. *See id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). The Court of Appeals has held that this period of detention "passes constitutional scrutiny" because there is no danger of indefinite detention; on the contrary, the provision authorizes "detention for 90 days only." *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004).

Here, the immigration judge's order granting voluntary departure states that, in the event petitioner did not voluntarily depart from the United States by April 9, 2026, then "the following order . . . shall become immediately effective: [petitioner] shall be removed to Guatemala." ECF No. 15-1 at 1. This language complies with the regulatory framework, which provides that an order of removal becomes final "upon overstay of the voluntary departure period." *See* 8 C.F.R. § 1241.1(f). Indeed, the Court of Appeals has held that where, as here, a noncitizen does not depart during the voluntary departure period, an order of removal becomes "administratively final" on the "first day of [the petitioner's] overstay." *Diouf v. Mukasey*, 542 F.3d 1222, 1229 (9th Cir. 2008). Accordingly, because petitioner did not depart by April 9, 2026, his removal order became administratively final on April 10, 2026, and he therefore is subject to mandatory detention during his removal period, which runs through July 9, 2026. *See* 8 U.S.C. §§ 1231(a)(1)(A), (2)(A). Notably, this mandatory detention does not violate petitioner's due process rights. *See Khotesouvan*, 386 F.3d at 1301.

It also bears mention that after the removal period expires in July 2026, petitioner could still be subject to discretionary detention. *See* 8 U.S.C. § 1231(a)(6). In *Zadvydas,* the Supreme Court addressed a challenge to prolonged detention under this section and held that:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient.

533 U.S. at 701 (internal quotation marks and citation omitted).

Accordingly, petitioner's detention is "presumptively reasonable" until six months following when the order of removal became final. *See id*.

### Conclusion

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion for the appointment of counsel, ECF No. 3, is DENIED.

2. The Clerk of Court is directed to send a copy of these findings and recommendations to petitioner at the following address: Winn Correctional Center, 560 Gum Spring Road, Winnfield, LA 71483.

Further, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 10, be DENIED.

2. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    June 25, 2026                          _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE